UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, aka FANNIE MAE, a corporation created by the Congress of the United States,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>OLIVER PALMER and BARBARA PALMER, husband and wife; and DOES I through X, unknown occupants of the property commonly known as 115 Riverside Drive, Horseshoe Bend, Boise County, Idaho,<br><br>　　　　　　Defendants. | Case No. 1:11-cv-00238-EJL -CWD<br><br>**MEMORANDUM DECISION AND ORDER** |
| OLIVER PALMER and BARBARA PALMER, husband and wife,<br><br>　　　　　　Counterclaimants,<br><br>v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, aka FANNIE MAE, a corporation created by the Congress of the United States,<br><br>　　　　　　Counterdefendant. | |

**MEMORANDUM DECISION AND ORDER - 1**

The Court has before it Plaintiff's Motion to Remand. (Dkt. 9.) The parties have fully briefed the motion and it is ripe for the Court's consideration. Having reviewed the parties' briefing, as well as the record in this case, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be aided significantly by oral argument, the motion will be decided on the record before this Court without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d).

The Court finds, as more fully explained below, that Plaintiff's Motion to Remand should be granted.[1]

## BACKGROUND

On May 6, 2011, Plaintiff Federal National Mortgage Association ("Fannie Mae") filed a complaint in the Fourth Judicial District Court, Magistrate Division, of the State of Idaho, in Boise County, to evict Defendants Oliver and Barbara Palmer from residential real property located in Horseshoe Bend, Idaho (the "Property"). Fannie Mae alleged that it held title to the Property pursuant to a foreclosure Trustee's Deed, which reflected that on January 28, 2011, Fannie Mae purchased all right, title and interest to the Property by being the highest bidder at a Trustee's sale.

Fannie Mae recorded the Trustee's Deed on February 10, 2011, as Instrument No. 230451 in the recorder's office of Boise County, Idaho. (Compl. Ex. A, Dkt. 1-1.) The Palmers, however, were still residing in the Property. Fannie Mae asserted its rights to possession of the property pursuant to Idaho Code § 45-1506(11), and sought possession

---

[1] This matter has been referred for all pretrial matters to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A).

**MEMORANDUM DECISION AND ORDER  - 2**

of the Property and eviction of the Palmers pursuant to Idaho Code § 6-310. No monetary damages were claimed other than Fannie Mae's costs and attorney fees in the amount of $350.00 if the action was not contested.

On May 23, 2011, the Palmers removed the state court action to this Court, contending that Fannie Mae is not the true owner of the property, the foreclosure sale was invalid, and therefore Fannie Mae had no basis upon which to bring the action for eviction. The Palmers contend this Court has jurisdiction on the basis of diversity of citizenship, 28 U.S.C. § 1332, because the value of the Property exceeds $75,000 in value.

On July 12, 2011, Fannie Mae filed its motion to remand the action to state court. (Dkt. 9.) Fannie Mae contends that the Palmer's removal action is simply a delay tactic because the Complaint did not satisfy the minimum amount in controversy to establish diversity jurisdiction. Fannie Mae explained it was not seeking any damages, other than attorney fees, pursuant to the expedited eviction proceedings authorized by Idaho Code § 6-310. Fannie Mae argues that the Palmer's anticipated counterclaim for wrongful foreclosure cannot satisfy the amount in controversy requirement of 28 U.S.C. § 1332. Fannie Mae argues also that no federal question is apparent from the face of its Complaint. Finally, Fannie Mae requests an award of attorney fees pursuant to 28 U.S.C. § 1447(c) on the grounds that the Palmer's removal action lacked a reasonable basis.

In response, the Palmers filed their Answer and Counterclaim and a memorandum refuting Fannie Mae's claims. (Dkt. 13.) The Palmers dispute that a valid trustee's sale occurred. Their counterclaim seeks to quiet title in the Property, and give the Palmers all

MEMORANDUM DECISION AND ORDER - 3

right and title to the Property free and clear of any liens. The Palmers argue, therefore, that jurisdiction on the basis of diversity exists, because the amount in controversy exceeds $75,000 considering the Property has over $75,000 in value. In addition, the Palmers assert that, on the basis of their counterclaim for quiet title, this Court has jurisdiction under 28 U.S.C. § 1349, which the Palmers allege confers jurisdiction over Fannie Mae on the grounds that Fannie Mae is a corporation in which the United States holds a majority ownership interest.[2] Alternatively, the Palmers argue that the Court has jurisdiction because Fannie Mae has been under a conservatorship by the Federal Housing and Finance Agency ("FHFA"), and therefore the FHFA is the only legal entity to assert any rights or powers belonging to Fannie Mae regarding ownership and possession of the Property.

In reply, Fannie Mae argues that the above arguments are without merit, and that the Palmers cannot manufacture jurisdiction on the basis of their defenses or their counterclaim.

## DISPOSITION

**1.    Legal Standards for Jurisdiction of a Removed Action**

Under 28 U.S.C. § 1441, a defendant may remove an action originally filed in state court to federal court if the federal court would have had original jurisdiction when the action first commenced. 28 U.S.C. §1332(a)(2) provides the basis for federal jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of a state and citizens

---

[2] In support of this claim, the Palmers attached a 461 page Form 10-K filing with the Securities and Exchange Commission, without directing the Court to any particular provision.

**MEMORANDUM DECISION AND ORDER - 4**

or subjects of a foreign state." The sum or amount in controversy is determined by the amount of damages in dispute, which may include punitive damages and attorney's fees. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Ridder Bros., Inc. v. Blethen*, 142 F.2d 395, 399 (9th Cir. 1944). Alternatively, the Court's jurisdiction may be based upon a "federal question" as disclosed on the face of the complaint. 28 U.S.C. § 1441(a); *Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998).

28 U.S.C. § 1441is strictly construed against removal jurisdiction; if there is any doubt to the right of removal in the first instance, federal jurisdiction must be rejected. *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999), *rev'd in part by Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

28 U.S.C. § 1447(c) permits a party to challenge the removal action by seeking remand.[3] When suit is instituted in state court and removed to federal court, a strong presumption exists that the plaintiff has not claimed a large enough amount to confer jurisdiction on a federal court. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938). As a result of the strong presumption against removal jurisdiction, the party seeking removal must carry the burden of establishing that removal is proper. *Prize Frize*, *Inc.* 167 F.3d at 1265; *Gaus*, 980 F.2d at 566. The removing defendant cannot base

---

[3] 28 U.S.C. § 1447(c) states in pertinent part: "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded . . . ."

**MEMORANDUM DECISION AND ORDER - 5**

removal on conclusory allegations. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

When it is not facially apparent from the complaint that the damage claims exceed the amount in controversy, the defendant must prove by a preponderance of evidence that plaintiff's claim exceeds the amount in controversy. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). To do this, the removing party may present underlying facts, in the removal notice or by affidavit, which support the requisite amount. *Allen v. R&H Oil Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). The United States Court of Appeals for the Ninth Circuit endorses the Fifth Circuit's approach to the preponderance of evidence standard for establishing the amount in controversy. *See also Kroske*, 432 F.3d at 980; *Valdez v. Allstate Ins. Co.* 372 at 1115, 1117 (9th Cir. 2004).

A counterclaim or a defense, however, cannot serve as a basis for removal. 28 U.S.C. § 1446 (b) states that the case stated by the initial pleading must, in the first instance, be removable. Thus, neither a party's defenses nor a counterclaim can form the basis for invoking removal to federal court. *Vaden v. Discover Bank*, 556 U.S. 49, ___, 129 S.Ct. 1262, 1272 (2009) (Federal jurisdiction "cannot be predicated on an actual or anticipated defense," nor can it rest "upon an actual or anticipated counterclaim."); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985) ("The federal question defendants raise in their counterclaims does not provide a basis for removal.").

**MEMORANDUM DECISION AND ORDER - 6**

## 2. Legal Standards for Attorney Fees and Costs

An order remanding the case may require payment of reasonable costs and actual expenses, including attorney fees, incurred as a result of the removal. 28 U.S.C. § 1447(c). However, the language of Section 1447(c) is discretionary, and there is no automatic entitlement to an award of attorney fees and costs. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136–37 (2005). The United States Supreme Court articulated that the test for awarding fees under Section 1447(c) should recognize the "desire to deter removals sought for the purpose of prolonging litigation and increasing costs on the opposing party, while not undermining . . . [defendants'] right to remove as a general matter, when the statutory criteria are satisfied." *Martin*, 546 U.S. at 140. Thus, courts may award fees only when the removing party lacked "an objectively reasonable basis" for removing the action. *Martin*, 546 U.S. at 141.

## 3. Motion to Remand

The Court finds there is no "federal question" giving rise to federal jurisdiction in this case. The Palmers assert jurisdiction on the basis of two federal statutes, 28 U.S.C. §1349[4] and 12 U.S.C. § 4617(b)(2)(a)(1). The Palmers assert that their action to quiet title[5] to the Property somehow supports their argument, contending that the Court has "exclusive" jurisdiction over civil actions to quiet title to an interest in real property in which an interest is claimed by the United States. The argument is based upon the

---

[4] 28 U.S.C. § 1349 was passed to limit federal jurisdiction. It provides that the district courts "shall not have jurisdiction" of any civil action by or against a corporation on the grounds that it was incorporated by a Congressional Act, "unless the United States is the owner of more than one-half its capital stock."
[5] The Court notes that the Counterclaim seeking quiet title did not allege tender, or the ability to tender, the full amounts borrowed, a required element in any claim to quiet title. *See Trusty v. Ray*, 249 P.2d 814, 817 (Idaho 1952).

**MEMORANDUM DECISION AND ORDER - 7**

Palmer's assertion that the United States claims such an interest due to its alleged majority ownership interest in Fannie Mae.[6] However, the Complaint, on its face, alleges only an unlawful detainer and eviction action brought by Fannie Mae under state law, and provides no basis for "federal question" jurisdiction. *See HSBC Bank USA, N.A. v. Bryant*, 2009 WL 3787195 *3 (S.D. Cal. Nov. 10, 2009) (finding no federal jurisdiction on the face of an unlawful detainer complaint where the defendant alleged jurisdiction was proper under the FDCPA as an action to collect a debt). And the Palmer's arguments based upon 12 U.S.C. § 4617(b)(2)(a)(1) are asserted as defenses predicated on the Palmers' assertion that Fannie Mae lacks standing. Considering the statute is asserted as a defense, and does not allege a direct violation of federal law, the statute does not provide an independent basis for invoking federal question jurisdiction.

Nor can the Palmer's counterclaim for quiet title give rise to federal question jurisdiction where Fannie Mae's Complaint alleges none. Fannie Mae seeks to enforce its rights under state law, not federal law. As explained above, federal question jurisdiction cannot rest upon a counterclaim. *Vaden*, 129 S.Ct. at 1272.

The Court finds also that the Palmers have failed to carry their burden to establish that the $75,000 amount in controversy requirement for diversity jurisdiction is met. Apart from a conclusory allegation that the amount in controversy exceeds the sum of $75,000, the Palmers have failed to present any facts establishing that Fannie Mae will

---

[6] A similar argument was rejected in *FDIC v. Nat'l Sur. Corp.*, 345 F.Supp. 885, 888 (D.Iowa 1972). The court held that, where the FDIC sued in state court to enforce rights created under state law, there was no basis for federal question jurisdiction. *Id. See also Fed. Land Bank of Columbia v. Cotton*, 410 F.Supp. 169, 170 (D.Ga. 1975) (remanding an action brought by the Federal Land Bank to foreclose against the defendant upon a mortgage, and rejecting the defendant's arguments that jurisdiction was proper under 28 U.S.C. §1349).

**MEMORANDUM DECISION AND ORDER - 8**

recover more than $350 in attorney fees and some as yet established amount of costs. Fannie Mae seeks no monetary damages at all. To the extent the Palmers rely upon the value of their home, such reliance is improper because the Palmers cannot rely upon their counterclaim to quiet title to meet the jurisdictional amount.

**4.     Motion for Attorney Fees**

Fannie Mae seeks to recover its attorney fees and costs incurred in filing the motion for remand, contending there was no basis for jurisdiction and removal served only to delay the matter. The Ninth Circuit Court of Appeals has stated that "removal is not objectively unreasonable solely because the removing party's arguments lack merit." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

However, under the circumstances here, the Court concludes that removal was "objectively unreasonable" and will exercise its discretion in favor of awarding fees. Whether or not a defendant's basis for removal has been "clearly foreclosed" by case law is relevant to the reasonableness of removal and an award of costs. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008). Since the adoption of the federal rules, there is "virtually no authority" permitting a counterclaim to establish the amount in controversy required to find diversity jurisdiction. Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3706, at 226–29 (3d 2009).[7]

---

[7] The few cases that have dealt with the issue have involved compulsory counterclaims. *Id.* The Palmers have not presented any argument to support a claim that their counterclaim for quiet title is a compulsory counterclaim.

**MEMORANDUM DECISION AND ORDER  - 9**

Under the facts of this case, the Palmers lacked an objectively reasonable basis for asserting diversity jurisdiction because Fannie Mae clearly indicated the amount in controversy in the Complaint. It sought no damages, and a minimal amount of attorney fees. Further, the Palmer's arguments are objectively unreasonable considering the great weight of authority, both in this Circuit and by the United States Supreme Court, holding that federal question jurisdiction cannot be predicated on a defense or counterclaim. *See Vaden*, 129 S.Ct. at 1272. The Palmers failed to address relevant Ninth Circuit or Supreme Court authority in its brief, despite being cited by Fannie Mae.

No unusual circumstances are present in this case weighing against an award of fees. Unusual circumstances may include a plaintiff's delay in seeking remand, or a failure to disclose facts necessary to determine jurisdiction. *Martin,* 546 U.S. at 141. The Court finds no unusual circumstances present here that would weigh in favor of denying Fannie Mae's request for attorney fees. Fannie Mae's Complaint for unlawful detainer was clear, and it did not seek remand after any considerable delay. Fannie Mae filed its motion to remand on July 12, 2011, less than two months after it was served with the notice of removal on May 23, 2011. (Dkt. 3, 9.)

Finally, an award of attorney fees to Fannie Mae would serve the interests of justice. *See Martin*, 546 U.S. at 138 (noting that Section 1447(c) authorizes the court to award costs and fees when an award is just). Although Congress intended to create a right to a federal forum for a class of state-court defendants, it also sought to limit the frivolous and wasteful invocation of that right. *Martin*, 546 U.S. at 140. In this case, awarding Fannie Mae costs for the Palmer's flippant reliance on their counterclaim for quiet title

**MEMORANDUM DECISION AND ORDER  - 10**

and their lack of standing defense based upon 12 U.S.C. § 4617(b)(2)(a)(1) would discourage similar delay tactics in state court actions seeking eviction of tenants after a foreclosure or Trustee's sale. The Palmers have not asserted a good faith argument against the award of fees. Given the number of complaints filed in the courts, including this Court, as a result of the housing crisis, the Court does not wish to encourage similar tactics.

## CONCLUSION

Based upon the above discussion, the Court concludes that no federal question jurisdiction supports the removal in this case, nor does the amount in controversy as plead on the face of the Complaint satisfy the $75,000 threshold for diversity jurisdiction.

The Court retains jurisdiction over the issue of attorney fees, the amount of which will be determined based upon an affidavit and petition setting forth the costs and fees reasonably incurred as a result of the removal.  Counsel for Fannie Mae must file an affidavit setting forth the following: (1) date(s), (2) service(s) rendered, (3) hourly rate, (4) hours expended, (5) a statement of attorney fee contract with the client, and (6) information, where appropriate, as to other factors which might assist the Court in determining the dollar amount of the fee and costs to be allowed. The Court will then enter the amount of attorney fees and costs the Palmers owe Fannie Mae.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Plaintiff's Motion to Remand (Dkt. 9) is **GRANTED** and this action is **REMANDED** to the Fourth Judicial District of the State of Idaho, in and for the County of Ada (Magistrate's Division), Case No. CV 08-12313.

2) The Clerk of the Court shall mail a certified copy of this Order to the Clerk of the aforesaid Idaho state court.

3) The Court retains jurisdiction in the matter for the sole purpose of determining the amount of fees and costs to be awarded to Plaintiff.

Dated: **November 28, 2011**

Honorable Candy W. Dale
United States Magistrate Judge